BENNIE G. GRAY, JR. *v.* COMMISSIONER OF
CORRECTION
(AC 25801)

Schaller, Harper and Peters, Js.

Argued October 26, 2006—officially released February 6, 2007

*Donald J. O'Brien,* special public defender, for the appellant (petitioner).

*Kevin T. Kane*, chief state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. This habeas appeal concerns the validity of the petitioner's claim that his conviction for manslaughter should be set aside because his nolo contendere plea resulted from the ineffective assistance of his trial counsel. The habeas court concluded that, although trial counsel had misled the petitioner, and although the habeas judge personally had doubts about the petitioner's guilt, the petitioner had failed to establish that there was a reasonable probability that, if the petitioner had gone to trial, the result would have been different. See *Hill* v. *Lockhart*, 474 U.S. 52, 57–58, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985); *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The petitioner claims that the habeas judge's personal belief of reasonable doubt as to the petitioner's guilt demonstrates dispositively that he has satisfied the prejudice prong established by *Hill*. We are not persuaded.

On March 19, 2004, the petitioner, Bennie G. Gray, Jr., filed his sixth amended petition for a writ of habeas corpus alleging actual innocence, insufficiency of evidence and ineffective assistance of counsel. The respondent, the commissioner of correction, denied the allegations of the petition and alleged that the petitioner was in procedural default because he had pleaded nolo contendere in his criminal trial. The habeas court rejected the petition but granted the petitioner's request for certification to appeal.

The habeas court first recounted the trial court proceedings. On September 10, 1998, the petitioner pleaded nolo contendere to the charge of manslaughter with a firearm. The trial court accepted the petitioner's plea and sentenced him to twenty years imprisonment to

run consecutively with a three year sentence the petitioner was already serving.

The habeas court then made extensive findings with respect to the evidence presented at the trial that related to the petitioner's claim of actual innocence. "On November 17, 1997, at approximately 10:30 p.m., DeJohn Strong . . . was shot and killed on a grassy area adjacent to a driveway at 43 Michael Road in New London, Connecticut." Relying on an interview with Arthur Wright, in which Wright told police that the petitioner had indicated he was going to rob Strong, the New London police sought the petitioner in connection with Strong's murder. The next day, both the petitioner and his cousin, Tavorous Fluker, turned themselves in to the New London police.

The habeas court further found that if the petitioner had not pleaded guilty and Wright had testified, Wright would have testified that the petitioner had told him that he was going to rob Strong and that he had a gun in his pocket. The habeas court found, however, that Wright was "totally lacking in credibility."[1]

The habeas court also found that if the petitioner had not pleaded guilty at trial, he would have testified that Fluker had shot Strong and that Fluker would have testified that the petitioner was the shooter.[2] Fluker's testimony would have placed the petitioner at the scene of the crime and would have established that the petitioner and Strong had been meeting in order to participate in a drug deal. The habeas court also found that, although Fluker had no motive for shooting Strong and

---

[1] Wright was a convicted felon who had been paid $10 by the police department, although he had originally requested $100 for giving this information. Wright had also offered to testify for the petitioner if he was compensated.

[2] By the time of the petitioner's sentencing, Fluker had pleaded guilty to hindering prosecution and violation of probation, for which he was sentenced to eight years imprisonment.

was not dealing drugs, his testimony was inconsistent, which might have impaired his credibility.

The habeas court also made findings with respect to the petitioner's claims about the inadequacy of his trial counsel, Burton Weinstein. The court concluded that "[t]he petitioner has persuaded this court that Weinstein used improper tactics to pressure the petitioner to plead nolo contendere and accept the plea bargain but has not met his burden of proving that Weinsteins's actions constituted ineffective assistance of counsel in view of the result as opposed to the potential result [of going to trial]."

Having extensively reviewed each of the petitioner's claims, the habeas court ultimately denied the petition for a writ of habeas corpus because the petitioner had failed to establish, pursuant to *Hill* v. *Lockhart*, supra, 474 U.S. 57–59, that the outcome of his case would have been different had he elected to go to trial. Without challenging the merits of this legal conclusion directly, the petitioner claims that he was entitled to a writ of habeas corpus because the court noted, at the same time, that it was "troubled by [its] decision because it believes that there is more evidence pointing to Fluker as the shooter than to [the petitioner]." We disagree with the petitioner.

"Our standard of review in a habeas corpus proceeding challenging the effective assistance of trial counsel is well settled. Although a habeas court's findings of fact are reviewed under the clearly erroneous standard of review . . . [w]hether the representation a [petitioner] received at trial was constitutionally inadequate is a mixed question of law and fact. . . . As such, that question requires plenary review by this court unfettered by the clearly erroneous standard." (Internal quotation marks omitted.) *Woods* v. *Commissioner of*

*Correction,* 85 Conn. App. 544, 548–49, 857 A.2d 986, cert. denied, 272 Conn. 903, 863 A.2d 696 (2004).

In order to prevail on an ineffective assistance of counsel claim, "the [petitioner] must show: (1) that counsel's representation fell below an objective standard of reasonableness . . . and (2) that defense counsel's deficient performance prejudiced the [petitioner]."[3] (Citation omitted.) *Copas* v. *Commissioner of Correction,* 234 Conn. 139, 154, 662 A.2d 718 (1995), citing *Strickland* v. *Washington,* supra, 466 U.S. 687–88. For ineffective assistance of counsel claims for plea negotiations, we follow the modified performance prong established by the United States Supreme Court in *Hill* v. *Lockhart,* supra, 474 U.S. 57–58. See *Copas* v. *Commissioner of Correction,* supra, 156. "*Hill* requires the [petitioner] to demonstrate that he would not have pleaded guilty, that he would have insisted on going to trial, and that the evidence that had been undiscovered or the defenses he claims should have been introduced were likely to have been successful at trial." Id., 151.

The habeas court recognized and applied the correct standard for adjudicating the petitioner's habeas claim. It asked whether there was "a reasonable probability that if it were not for the ineffectiveness of counsel for the [petitioner], there is a reasonable probability that the outcome would have been different?" In answering this question the habeas court concluded that "as much as the court may have sympathy for the plight of the petitioner, it cannot objectively say that there is a reasonable probability that the result would have been different."[4]

---

[3] We note that "[a] reviewing court can find against a petitioner on either ground, whichever is easier." (Internal quotation marks omitted.) *Rivera* v. *Commissioner of Correction,* 70 Conn. App. 452, 456, 800 A.2d 1194, cert. denied, 261 Conn. 921, 806 A.2d 1061 (2002).

[4] The habeas court further indicated that "[t]he state's evidence appears to be somewhat weak, but, of course, it depends upon whether Fluker would be believed rather than [the petitioner], whether Arthur Wright would be believed and what effect [the petitioner's] drug dealing background would

The petitioner asks us to give conclusive weight to the habeas court's expression of doubts, even though the court explicitly decided that a reasonable jury could have found the petitioner guilty. We decline to do so. Any personal observation that the habeas judge included in his decision was, as the court indicated, an expression of sympathy and not an objective, legal conclusion. By basing its decision on the probable findings of a reasonable jury, the habeas court properly determined, under *Hill* v. *Lockhart*, supra, 474 U.S. 57–59, that the petitioner was not prejudiced by counsel's mistake.

The judgment is affirmed.

In this opinion the other judges concurred.

have. To conclude that there is a reasonable probability that the outcome would have been different if the petitioner had gone to trial would have to be based upon speculation, and the court cannot do that. Despite what appears to be a weakness in the state's case, there is sufficient evidence, if believed by the jury, to result in a conviction."