JOAQUIN GUDINO *v.* COMMISSIONER
OF CORRECTION
(AC 30801)

Gruendel, Beach and West, Js.

---

Argued May 25—officially released September 14, 2010

*Paul R. Kraus*, special public defender, for the appellant (petitioner).

*Leon F. Dalbec, Jr.*, senior assistant state's attorney, with whom, on the brief, was *David I. Cohen*, state's attorney, for the appellee (respondent).

### Opinion

PER CURIAM. The petitioner, Joaquin Gudino, appeals following the habeas court's denial of his petition for certification to appeal from the judgment denying his amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the court abused its discretion when it denied his petition for certification to appeal and improperly rejected his claim that his trial counsel rendered ineffective assistance, thereby

denying the petitioner due process of law.[1] More specifically, the petitioner argues that there was merit to his claim of ineffective assistance of trial counsel because his counsel failed to secure a dismissal of the jury panel based on juror misconduct, failed to advise the petitioner that he would lose his right to raise the juror misconduct issue on appeal if he pleaded guilty and failed to advise the petitioner about the possibility of a guilty plea conditioned on the right to raise the juror misconduct issue on appeal. He contends that there was merit to his claim that he was denied due process because his plea was not knowingly, voluntarily and intelligently made as a result of his trial counsel's failure to advise him that he would lose his right to appeal on the basis of juror misconduct if he entered a guilty plea and failure to advise him of the possibility of the entry of a conditional plea. We dismiss the appeal.

The petitioner was charged with murder in violation of General Statutes § 53a-54a. Initially, he entered a not guilty plea and elected a jury trial. On July 28, 1998, prior to the jury being sworn in, the court, *Nigro, J.,* advised the parties that there was a potential problem with the jury because a person selected as a juror, J.C.,[2] recollected that she had some knowledge of the parties involved in the case. The court inquired as to J.C.'s

---

[1] The petitioner also claims that during his criminal trial, the court denied him due process of law when it failed to dismiss the jury panel on the basis of juror misconduct. Because the petitioner entered an unconditional guilty plea and during the canvass specifically acknowledged that he waived any right to challenge on appeal a nonjurisdictional issue, we do not review this claim. See *State* v. *Hanson*, 117 Conn. App. 436, 456, 979 A.2d 576 (2009) ("[i]n general, the only allowable challenges after a plea are those relating either to the voluntary and intelligent nature of the plea or the exercise of the trial court's jurisdiction" [internal quotation marks omitted]), cert. denied, 295 Conn. 907, 989 A.2d 604 (2010).

[2] We refer by initials to those selected to be jurors so as to protect their legitimate privacy interests. See *State* v. *Wright*, 86 Conn. App. 86, 88 n.3, 860 A.2d 278 (2004).

knowledge of the case. She stated that she had discussed the case with family and friends and that they told her that the petitioner had committed the crime. She also reported that she discussed these conversations with another person selected to be a juror. Counsel for the petitioner immediately moved for a mistrial. The court did not rule on that motion at that time, but, rather, brought into court another juror, D.H., whom J.C. stated that she had talked to, and questioned him about what J.C. had said to him. D.H. indicated that he heard J.C. state that "it bothered her to look at the [petitioner] or made her nervous" but that he did not hear J.C. say anything about having outside knowledge about the case. The court then brought out the entire panel and inquired whether any of them had discussed the case with J.C. Several members of the panel raised their hands and each was questioned by the court and counsel regarding what they heard and whether they could remain unbiased. The court subsequently excused J.C. and one other person who had been selected to be a juror. Counsel for the petitioner renewed his motion for a mistrial. The court denied the motion, treating it as a motion to dismiss the jury panel, because the panel had not yet been sworn in.

Following the denial of the motion, the jury panel was sworn in, and the state began its presentation of evidence. After the state's presentation of seven witnesses, four of whom testified that the petitioner shot the victim, the petitioner withdrew his not guilty plea and pleaded guilty before the court. The court sentenced the petitioner to forty-five years of incarceration.

Counsel for the petitioner testified at the habeas trial that he advised the petitioner that if he entered a guilty plea, he would be giving up certain rights, including his right to appeal. Counsel could not remember if he had advised the petitioner of his right to enter a conditional plea of guilty or if he advised the petitioner that by

pleading guilty he would be giving up his right to raise on appeal a claim of juror misconduct. The petitioner informed his counsel that he originally had decided to plead not guilty because he had believed that the witnesses who identified him as the shooter would not come to court. Now that these various witnesses had testified, the petitioner preferred to get a specific agreement on sentencing rather than to rely on the discretion of the court. The petitioner did not state any intention to raise on appeal any issue. The petitioner did not testify at his habeas trial.

The petitioner claims that the court erred by rejecting his claim of ineffective assistance of counsel. "[T]he governing legal principles in cases involving claims of ineffective assistance of counsel arising in connection with guilty pleas are set forth in *Strickland* [v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)] and *Hill* [v. *Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985)]. [According to] *Strickland*, [an ineffective assistance of counsel] claim must be supported by evidence establishing that (1) counsel's representation fell below an objective standard of reasonableness, *and* (2) counsel's deficient performance prejudiced the defense because there was a reasonable probability that the outcome of the proceedings would have been different had it not been for the deficient performance. . . . The first prong requires a showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed . . . by the [s]ixth [a]mendment. . . . Under . . . *Hill* . . . which . . . modified the prejudice prong of the *Strickland* test for claims of ineffective assistance when the conviction resulted from a guilty plea, the evidence must demonstrate that there is a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial. . . . In its analysis, a reviewing court may look

to the performance prong or to the prejudice prong, and the petitioner's failure to prove either is fatal to a habeas petition." (Citation omitted; emphasis in original; internal quotation marks omitted.) *Faraday* v. *Commissioner of Correction*, 107 Conn. App. 769, 773, 946 A.2d 891 (2008).

We need not examine the performance prong because it is clear from the habeas court's factual findings that the petitioner failed to provide any evidence under the prejudice prong. From an examination of the court's memorandum of decision, it is not entirely clear that the court used the test set forth in *Hill* to determine whether the petitioner's trial counsel had rendered ineffective assistance. The court did find, however, that the petitioner did not present any evidence that he was prejudiced by his trial counsel's failure to succeed on his motion for a mistrial on the basis of juror misconduct. The court also found that the petitioner did not present any evidence that he would not have pleaded guilty had he been advised that a guilty plea would prevent him from appealing from the court's denial of his motion for a mistrial. Finally, the court found that the petitioner could not succeed on his ineffective assistance claim on the basis of trial counsel's failure to advise the petitioner of his right to enter a conditional guilty plea because the trial court could not accept a conditional guilty plea under the circumstances of this case, and the petitioner failed to present any evidence that the prosecutor would have agreed to accept such a plea as part of the plea agreement. The petitioner failed to present any evidence at the habeas trial that he would have acted differently or was prejudiced by any of the claimed errors of his trial counsel. Because the petitioner has failed to prove prejudice under the *Strickland* standard as modified by *Hill*, we dismiss his appeal.

The petitioner next claims that the purportedly ineffective assistance of counsel also violated his right to due process guaranteed by the fourteenth amendment to the United States constitution. Because the petitioner has failed to prove his claim of ineffective assistance, as discussed in the preceding paragraph, this claim also fails.

We are not persuaded that the issues presented in this appeal are debatable among jurists of reason, that a court could resolve them in a different manner or that the questions raised deserve encouragement to proceed further. See *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991); *Simms* v. *Warden*, 230 Conn. 608, 616, 646 A.2d 126 (1994). We conclude, therefore, that the petitioner has failed to establish that the court abused its discretion in denying his petition for certification to appeal.

The appeal is dismissed.