# RUSSELL JOHNSON *v.* COMMISSIONER OF CORRECTION
## (AC 32495)

Bear, Espinosa and Schaller, Js.

Argued September 9—officially released October 18, 2011

*Sarah F. Summons*, special public defender, for the appellant (petitioner).

*Lisa A. Riggione*, senior assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *David Clifton*, deputy assistant state's attorney, for the appellee (respondent).

*Opinion*

BEAR, J. The petitioner, Russell Johnson, appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus.[1] On appeal, the petitioner claims that the habeas court improperly determined that he failed to prove that he was denied the effective assistance of habeas appellate counsel, Robert E. Byron, in his prior habeas appeal. We affirm the judgment of the habeas court.

The following facts are relevant to our resolution of the issue on appeal. Following a jury trial in 1999, the petitioner was convicted of attempt to commit assault in the first degree in violation of General Statutes §§ 53a-49 (a) (2) and 53a-59 (a) (1) and (5), attempt to commit assault of a peace officer in violation of General Statutes §§ 53a-49 (a) (2)[2] and 53a-167c (a) (1), carrying a pistol without a permit in violation of General Statutes § 29-35 (a) and possession of narcotics with intent to sell in violation of General Statutes § 21a-277 (a); the petitioner's conviction was upheld on appeal. *State* v. *Johnson*, 67 Conn. App. 299, 300–301, 786 A.2d 1269 (2001), cert. denied, 259 Conn. 918, 791 A.2d 566 (2002).

In 2002, the petitioner filed an amended petition for a writ of habeas corpus in which he alleged that his

---

[1] The habeas court granted the petition for certification to appeal from the judgment.

[2] The petitioner erroneously cites to General Statutes § 53a-48, the conspiracy statute, rather than § 53a-49 (a) (2). We assume this is a scrivener's error.

pretrial counsel, his trial counsel and his appellate counsel on direct appeal each had provided ineffective assistance. The petitioner claimed, among other things, that trial counsel had been ineffective for failing to object to several alleged instances of prosecutorial impropriety during closing argument and that appellate counsel had been ineffective for failing to raise those instances on direct appeal. The habeas court, however, rejected the petitioner's claims and denied the petitioner's petition for certification to appeal. The petitioner, represented by Byron, filed an uncertified appeal in which he set forth various claims but did not set forth any claim that either trial counsel or counsel in the petitioner's direct appeal had been ineffective for failing to raise issues of prosecutorial impropriety. See *Johnson* v. *Commissioner of Correction*, 83 Conn. App. 714, 852 A.2d 761, cert. denied, 271 Conn. 907, 859 A.2d 561 (2004). We dismissed the appeal, concluding that the questions raised did not deserve encouragement to proceed further. Id.

The petitioner then filed two new petitions for a writ of habeas corpus, which were consolidated by the habeas court. In 2009, the petitioner amended his consolidated petition, alleging, in relevant part, that Byron had rendered ineffective assistance in the habeas appeal by failing to research and to brief any claim that the prosecutor had committed prosecutorial impropriety during closing argument in the petitioner's criminal trial.[3] After a hearing on the amended petition, the habeas court denied the petition, concluding that the petitioner had failed to prove that there was a reasonable probability that he would have prevailed on appeal

[3] The petitioner made several claims in his amended petition. The only claim relevant to the present appeal, however, concerns the alleged ineffectiveness of Byron in the first habeas appeal.

if Byron had addressed the alleged issues of prosecutorial impropriety. Following the granting of certification to appeal, the petitioner filed the present appeal. Additional facts will be set forth as necessary.

On appeal, the petitioner claims that the court improperly determined that he failed to prove that he was denied the effective assistance of appellate counsel during his prior habeas appeal.[4] We do not agree.

Initially, we set forth our standard of review. Our Supreme Court has distinguished the standards of review for claims of ineffective assistance of trial counsel and of appellate counsel. See *Small* v. *Commissioner of Correction*, 286 Conn. 707, 721–24, 946 A.2d 1203, cert. denied sub nom. *Small* v. *Lantz*, 555 U.S. 975, 129 S. Ct. 481, 172 L. Ed. 2d 336 (2008). For claims of ineffective assistance of appellate counsel, "we must assess whether there is a reasonable probability that, but for appellate counsel's failure to raise the issue on appeal, the petitioner would have prevailed [on] appeal, i.e., [obtaining] reversal of his conviction or granting of a new trial." Id., 722.

"Our Supreme Court has adopted [the] two part analysis [set forth in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)] in reviewing claims of ineffective assistance of appellate counsel. . . . The first part of the *Strickland* analysis requires the petitioner to establish that appellate counsel's representation fell below an objective standard of reasonableness considering all of the circumstances. . . . [A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances,

---

[4] The petitioner's brief also contains some discussion of a motion to amend his petition, which was denied by the habeas court. He does not claim, however, that the court abused its discretion in denying the motion.

the challenged action might be considered sound trial strategy. . . . The right to counsel is not the right to perfect representation. . . . [Although] an appellate advocate must provide effective assistance, he is not under an obligation to raise every conceivable issue. A brief that raises every colorable issue runs the risk of burying good arguments . . . in a verbal mound made up of strong and weak contentions. . . . Indeed, [e]xperienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues. . . . Most cases present only one, two, or three significant questions. . . . The effect of adding weak arguments will be to dilute the force of the stronger ones. . . . Finally, [i]f the issues not raised by his appellate counsel lack merit, [the petitioner] cannot sustain even the first part of this dual burden since the failure to pursue unmeritorious claims cannot be considered conduct falling below the level of reasonably competent representation." (Internal quotation marks omitted.) *Bailey* v. *Commissioner of Correction*, 107 Conn. App. 362, 366–67, 947 A.2d 2, cert. denied, 287 Conn. 922, 951 A.2d 568 (2008).

The following additional facts are necessary to our analysis. In the petitioner's first habeas trial, his counsel raised, among other things, a claim that trial counsel and appellate counsel had been ineffective for failing to object to, or to raise on direct appeal, claims of prosecutorial impropriety. The court rejected the petitioner's claims and denied certification to appeal from its judgment. Upon filing an uncertified appeal, Byron, on behalf of the petitioner, claimed that the habeas court had abused its discretion in denying certification to appeal because the petitioner had meritorious claims, which Byron briefed and analyzed. He did not include, however, a claim of ineffective assistance of trial and

appellate counsel related to the allegations of prosecutorial impropriety.

In his amended petition in the present case, the petitioner claimed that Byron had been ineffective in the petitioner's prior habeas appeal by failing to research and to brief a claim that the prosecutor had committed improprieties during closing argument at the petitioner's criminal trial. In reviewing the petition, we note that the petitioner does not tie this claim to the ineffective assistance of trial and appellate counsel claims that were set forth in the first habeas trial. Insofar as the petitioner attempts to argue that Byron should have raised some independent or freestanding claims of prosecutorial impropriety, which clearly had not been raised at the first habeas trial, we decline, as did the habeas court in the present case, to consider such an argument. Appellate habeas counsel is limited to presenting issues on appeal that had been raised and preserved before the habeas court. *Alexander* v. *Commissioner of Correction*, 103 Conn. App. 629, 640, 930 A.2d 58 (axiomatic that party cannot submit case to trial court on one theory and seek reversal in reviewing court on different theory; party not entitled to raise issue on appeal if issue not raised in trial court), cert. denied, 284 Conn. 939, 937 A.2d 695 (2007); see also *Ajadi* v. *Commissioner of Correction*, 280 Conn. 514, 550, 911 A.2d 712 (2006) (declining to consider claim not raised before habeas court); Practice Book § 60-5 (court not bound to consider claim unless distinctly raised at trial or arose subsequent to trial).

Although noting this irregularity, the habeas court in the present case considered the petitioner's claim as though it contained the proper allegations. The court explained: "In his petition, the petitioner appears to be claiming that attorney Byron should have raised a freestanding claim of prosecutorial impropriety on appeal. Since attorney Byron was appealing the denial

of the petitioner's first habeas petition, wherein the petitioner alleged that [trial counsel and counsel on direct appeal] rendered ineffective assistance by failing to address the prosecutor's impropriety during closing arguments, he could have only raised the issue of prosecutorial impropriety on appeal within this context. Accordingly, the court will address the petitioner's claim within this context."[5] After considering the merits of the petitioner's claim within such a context, the habeas court, in a well reasoned and thorough memorandum of decision, found that "Byron had made a tactical decision in choosing not to raise on appeal whether the habeas court erred in finding trial counsel and appellate counsel not ineffective for failing to raise the issue of prosecutorial impropriety at the petitioner's criminal trial and on his direct appeal." The habeas court further found that the prosecutor had not committed improprieties during closing argument and that, even if it assumed, arguendo, that some of the prosecutor's comments had been improper, they did not deprive the petitioner of a fair trial. Accordingly, the court concluded that the petitioner had failed to prove that (1) he would have prevailed if Byron had argued in the first habeas appeal that trial counsel had provided ineffective assistance by failing to object to and to seek remedial measures for the alleged prosecutorial impropriety during closing argument and (2) counsel on direct appeal had provided ineffective assistance by failing to

[5] The petitioner on appeal continues to argue that Byron was ineffective for failing to claim that *the prosecutor* committed improprieties during closing argument at the petitioner's criminal trial. He does not brief his claim in the context that Byron would have had to have addressed it in the first habeas appeal, i.e., that *trial counsel* was ineffective for failing to object to the alleged improper comments made by the prosecutor in closing argument and that *appellate counsel* was ineffective for failing to raise those issues on direct appeal. Even if we look beyond this shortcoming, as did the habeas court in this case, the petitioner fails to meet his burden of proof to sustain his appeal.

allege and to argue that the prosecutor had committed impropriety during closing argument.

After thoroughly reviewing the record in this case, including the well reasoned memorandum of decision of the habeas court, and the briefs and arguments of the parties, we conclude that the court properly determined that Byron did not render ineffective assistance of counsel to the petitioner in the first habeas appeal.

The judgment is affirmed.

In this opinion the other judges concurred.