## BENNIE GRAY *v.* COMMISSIONER OF CORRECTION
### (AC 32906)

Bear, Espinosa and West, Js.

Argued May 15—officially released September 18, 2012

Laljeebhai R. Patel, special public defender, for the appellant (petitioner).

Emily Graner Sexton, special deputy assistant state's attorney, with whom, on the brief, were Michael L. Regan, state's attorney, and Marcia Pillsbury, special deputy assistant state's attorney, for the appellee (respondent).

Opinion

WEST, J. The petitioner, Bennie Gray, appeals from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. The petitioner claims that the habeas court improperly rejected his claim that his appellate counsel in his first habeas action rendered ineffective assistance by not advocating the

correct standard for ineffective assistance of trial counsel in guilty plea cases. We affirm the judgment of the habeas court.

The following facts and procedural history are relevant to our resolution of the petitioner's appeal. On September 10, 1998, the petitioner pleaded nolo contendere to manslaughter in the first degree with a firearm in violation of General Statutes § 53a-55a and was sentenced to twenty years imprisonment. In the petitioner's first habeas action, he claimed, inter alia, that his trial counsel, attorney Burton Weinstein, rendered ineffective assistance by fraudulently inducing him to enter the nolo contendere plea. On July 23, 2004, the habeas court denied the petition concluding that "[t]he [p]etitioner has persuaded this [c]ourt that [trial counsel] used improper tactics to pressure the [p]etitioner to plead nolo contendere and accept the plea bargain but has not met his burden of proving that [trial counsel's] actions constituted ineffective assistance of counsel in view of the result as opposed to the potential result." On appeal, this court affirmed the judgment of the habeas court. *Gray* v. *Commissioner of Correction*, 99 Conn. App. 444, 449, 914 A.2d 1046, cert. denied, 282 Conn. 925, 926 A.2d 666 (2007). This court determined that "[t]he habeas court recognized and applied the correct standard for adjudicating the petitioner's habeas claim. It asked whether there was a reasonable probability that if it were not for the ineffectiveness of counsel for the [petitioner], there is a reasonable probability that the outcome would have been different?" (Internal quotation marks omitted.) Id., 448.

In the present case, the petitioner filed a second habeas petition claiming that he received ineffective assistance of appellate counsel in his first habeas appeal, where he was represented by attorney Donald

O'Brien.[1] The petitioner alleged that appellate counsel failed to challenge directly the habeas court's application of the incorrect standard for ineffective assistance of trial counsel in guilty plea cases, which failure caused this court to render an erroneous decision. In this regard, the petitioner alleged that the appropriate standard in his case was set forth in *Hill* v. *Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985), and that the standard set forth in *Copas* v. *Commissioner of Correction*, 234 Conn. 139, 662 A.2d 718 (1995), is inapplicable.[2] Specifically, the petitioner alleged that,

[1] The petitioner filed a two count amended habeas petition, dated November 24, 2009, in which he alleged that appellate counsel was ineffective because: (1) he failed to challenge directly the merits of the habeas court's legal conclusion and (2) he failed to file a Practice Book § 71-5 motion for reconsideration. The habeas court did not address the second count, and the petitioner has not raised a claim regarding the second count in this appeal.

[2] Fundamental to the petitioner's claim is an understanding of the appropriate standard for ineffective assistance of trial counsel in guilty plea cases. In *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the United States Supreme Court "adopted a two-part standard for evaluating claims of ineffective assistance of counsel." *Hill* v. *Lockhart*, supra, 474 U.S. 57. First, "the [petitioner] must show that counsel's representation fell below an objective standard of reasonableness." (Internal quotation marks omitted.) Id. Second, "[t]he [petitioner] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Internal quotation marks omitted.) Id.

In *Hill*, the United States Supreme Court held "that the two-part *Strickland* . . . test applies to challenges to guilty pleas based on ineffective assistance of counsel. In the context of guilty pleas, the first half of the *Strickland* . . . test is nothing more than a restatement of the standard of attorney competence . . . . The second, or prejudice, requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the prejudice requirement, the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (Internal quotation marks omitted.) Id., 58–59.

Nevertheless, the *Hill* court further stated that "[i]n many guilty plea cases, the prejudice inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination

because his case does not involve a failure of trial counsel to discover evidence or defenses, under *Hill,* the focus is on the plea proceeding and its outcome, and not the outcome of a possible criminal trial.

In its memorandum of decision denying the petitioner's habeas petition, the habeas court found that appellate counsel did raise the *Hill* standard in his brief and attempted to distinguish *Copas.* The habeas court further noted that this court already has determined that the appropriate standard involves inquiring whether "there is a reasonable probability that the outcome would have been different?" (Internal quotation marks omitted.) *Gray* v. *Commissioner of Correction,* supra, 99 Conn. App. 448. The habeas court stated that even if appellate counsel had developed the argument with more focus and detail, he would not have been successful because, although this court has not always quoted the "different outcome" component of the prejudice test in guilty plea cases, it remains an integral part of *Hill* and not merely a separate prong added by *Copas.* Finally, the habeas court rejected the petitioner's argument that the "different outcome" test does not apply because this case does not involve a failure to discover evidence or defenses. The court stated: "Logically it

whether the error prejudiced the [petitioner] by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. Similarly, where the alleged error of counsel is a failure to advise the [petitioner] of a potential affirmative defense to the crime charged, the resolution of the prejudice inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial." (Internal quotation marks omitted.) Id., 59. Seizing on this language, our Supreme Court has stated that "*Hill* requires the petitioner to demonstrate that he would not have pleaded guilty, that he would have insisted on going to trial, and that the evidence that had been undiscovered or the defenses he claims should have been introduced were likely to have been successful at trial." *Copas* v. *Commissioner of Correction,* supra, 234 Conn. 151.

makes no sense to delete the *Copas* 'different outcome' test merely because the petitioner here claimed in his prior habeas petition that his trial attorney improperly persuaded him to plead guilty, as opposed to the reported cases in which a [petitioner] claims that his trial counsel failed to discover evidence or defenses. The precise reason why counsel was ineffective in inducing the petitioner to plead guilty—whether it is bad advice or failure to investigate—is immaterial if the petitioner is actually guilty. In either scenario, the petitioner is not truly prejudiced unless there is a reasonable probability that he would achieve some measure of success at trial." The habeas court granted the petition for certification to appeal from the judgment. This appeal followed.

On appeal, the petitioner claims that the habeas court improperly denied his claim that his appellate counsel in his first habeas action rendered ineffective assistance. Specifically, the petitioner argues that the *Hill* standard is the correct standard, which requires proof only that the petitioner would have insisted on going to trial. He further argues that, had his appellate counsel properly briefed and advocated this standard, this court would have reversed the habeas court in the first habeas action and restored the petitioner's constitutional right to a jury trial. We disagree.

We begin by setting forth the standard of review applicable to the petitioner's appeal. "In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . . The habeas judge, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony." (Internal quotation marks omitted.) *Moore* v. *Commissioner of*

*Correction,* 119 Conn. App. 530, 535–36, 988 A.2d 881, cert. denied, 296 Conn. 902, 991 A.2d 1103 (2010).

"Our Supreme Court has adopted [the] two part analysis [set forth in *Strickland* v. *Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)] in reviewing claims of ineffective assistance of appellate counsel." (Internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction,* 131 Conn. App. 805, 808, 29 A.3d 166 (2011). "To prevail on a claim of ineffective assistance of counsel, a petitioner must show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. . . . First, deficient performance may be proved by showing that the counsel's representation fell below an objective standard of reasonableness. . . . Second, prejudice to the defense requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." (Citations omitted; internal quotation marks omitted.) *Moore* v. *Commissioner of Correction,* supra, 119 Conn. App. 534–35; see also *Strickland* v. *Washington,* supra, 687.[3] "Because the petitioner must satisfy both prongs of the *Strickland* test to prevail on a habeas corpus petition, this court may dispose of the petitioner's claim if he fails to meet either prong." (Internal quotation marks omitted.) *Moore* v. *Commissioner of Correction,* supra, 535.

---

[3] With regard to the prejudice prong, however, "our Supreme Court distinguished the standards of review for claims of ineffective trial counsel and ineffective appellate counsel." *Moore* v. *Commissioner of Correction,* supra, 119 Conn. App. 535; see *Small* v. *Commissioner of Correction,* 286 Conn. 707, 721–24, 946 A.2d 1203, cert. denied sub nom. *Small* v. *Lantz,* 555 U.S. 975, 129 S. Ct. 481, 172 L. Ed. 2d 336 (2008). "For claims of ineffective appellate counsel, the [prejudice] prong considers whether there is a reasonable probability that, but for appellate counsel's failure to raise the issue on appeal, the petitioner would have prevailed in his direct appeal, i.e., reversal of his conviction or granting of a new trial. . . . This requires the reviewing court to [analyze] the merits of the underlying claimed error in accordance with the appropriate appellate standard for measuring harm." (Citation omitted; internal quotation marks omitted.) *Moore* v. *Commissioner of Correction,* supra, 535.

Under the performance prong, "[a] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . . The right to counsel is not the right to perfect representation. . . . [Although] an appellate advocate must provide effective assistance, he is not under an obligation to raise every conceivable issue. A brief that raises every colorable issue runs the risk of burying good arguments . . . in a verbal mound made up of strong and weak contentions. . . . Indeed, [e]xperienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues. . . . The effect of adding weak arguments will be to dilute the force of the stronger ones. . . . [I]f the issues not raised by his appellate counsel lack merit, [the petitioner] cannot sustain even the first part of this dual burden since the failure to pursue unmeritorious claims cannot be considered conduct falling below the level of reasonably competent representation." (Internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, supra, 131 Conn. App. 808–809.

The habeas court concluded that "there was no ineffective assistance in, or any prejudice resulting from, any failure of [appellate counsel] to argue at greater length that the *Copas* 'different outcome' test did not apply in this case."[4] Because we agree that the petitioner has failed to show that appellate counsel's performance was deficient based on any failure to brief properly and to advocate the appropriate standard for ineffective assistance of trial counsel in guilty plea cases, we agree with the judgment of the habeas court.

---

[4] We interpret the court's denial of the petition to be under both the performance and the prejudice prongs of the *Strickland* test.

At the outset, the petitioner failed to offer any expert testimony that appellate counsel rendered deficient performance. Instead, the petitioner offered his own testimony concerning the appropriate standard that his appellate counsel should have briefed and advocated before this court. Although "[a]n expert witness is not essential to show that an attorney's performance was so deficient that it fell below the standard of reasonably effective assistance . . . in many cases, expert testimony is useful." *Small* v. *Commissioner of Correction*, 98 Conn. App. 389, 394, 909 A.2d 533 (2006), aff'd, 286 Conn. 707, 946 A.2d 1203, cert. denied sub nom. *Small* v. *Lantz*, 555 U.S. 975, 129 S. Ct. 481, 172 L. Ed. 2d 336 (2008). Furthermore, as noted by the habeas court, appellate counsel did, at least briefly, raise the argument advanced by the petitioner by setting forth the *Hill* standard and attempting to distinguish *Copas*.

*Copas* was binding precedent when appellate counsel presented his argument to this court. To the extent that the petitioner argues that *Copas* is distinguishable because his case does not involve undiscovered evidence or defenses, the petitioner does not offer any Connecticut case that has accepted this argument or that has addressed the apparent dichotomy between *Hill* and *Copas* that the petitioner offers for our consideration in this appeal. This court has cited the modified *Hill* standard for the proposition that "the petitioner must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (Internal quotation marks omitted.) *Baillargeon* v. *Commissioner of Correction*, 67 Conn. App. 716, 722, 789 A.2d 1046 (2002). In doing so, however, this court has also noted that "[r]easonable probability does not require the petitioner to show that counsel's deficient conduct more likely than not altered the outcome in the case, *but he must establish a probability sufficient to undermine confi-*

*dence in the outcome.*" (Emphasis added; internal quotation marks omitted.) Id.; see also *Shelton* v. *Commissioner of Correction*, 116 Conn. App. 867, 874–75, 977 A.2d 714, cert. denied, 293 Conn. 936, 981 A.2d 1080 (2009); *Mock* v. *Commissioner of Correction*, 115 Conn. App. 99, 105, 971 A.2d 802, cert. denied, 293 Conn. 918, 979 A.2d 490 (2009).[5]

"Moreover, numerous state and federal courts have concluded that counsel's failure to advance novel legal theories or arguments does not constitute ineffective performance. . . . Nor is counsel required to change then-existing law to provide effective representation. . . . Counsel instead performs effectively when he elects to maneuver within the existing law, declining to present untested . . . legal theories." (Citations omitted; internal quotation marks omitted.) *Ledbetter* v. *Commissioner of Correction*, 275 Conn. 451, 461–62, 880 A.2d 160 (2005), cert. denied sub nom. *Ledbetter* v. *Lantz*, 546 U.S. 1187, 126 S. Ct. 1368, 164 L. Ed. 2d 77 (2006). By arguing the *Copas* standard, appellate counsel elected to maneuver within the existing law and, therefore, did not render deficient performance.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[5] The petitioner, however, has set forth a number of cases that have not cited the "different outcome" component of the test. See *Crawford* v. *Commissioner of Correction*, 285 Conn. 585, 598, 940 A.2d 789 (2008); *Gudino* v. *Commissioner of Correction*, 123 Conn. App. 719, 723, 3 A.3d 134, cert. denied, 299 Conn. 905, 10 A.3d 522 (2010). In *Crawford*, however, our Supreme Court did not reach the prejudice prong of the test. *Crawford* v. *Commissioner of Correction*, supra, 599–600. In *Gudino*, this court did not address the apparent dichotomy between *Hill* and *Copas* that the petitioner offers for our consideration in this appeal, but, instead, simply concluded that "it is clear from the habeas court's factual findings that the petitioner failed to provide any evidence under the prejudice prong." *Gudino* v. *Commissioner of Correction*, supra, 724. To the extent that these cases support the petitioner's argument, neither of these cases were available for appellate counsel because both were decided after he presented his argument to this court.