******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ANTHONY SANTANIELLO *v.* COMMISSIONER
OF CORRECTION
(AC 35369)

DiPentima, C. J., and Beach and Prescott, Js.

*Argued May 29—officially released September 2, 2014*

(Appeal from Superior Court, judicial district of
Tolland, Cobb, J.)

*Albert J. Oneto IV*, assigned counsel, for the appellant (petitioner).

*Timothy F. Costello*, assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *Erika L. Brookman*, assistant state's attorney, for the appellee (respondent).

*Opinion*

BEACH, J. The petitioner, Anthony Santaniello, appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court erred in concluding that he did not meet his burden of proof to establish ineffective assistance of appellate counsel. We affirm the judgment of the habeas court.

The petitioner had been convicted in two underlying criminal cases, which had been consolidated for trial. The first alleged, primarily, sexual assault. The second, ultimately the subject of this appeal, alleged that the petitioner attempted to murder the victim[1] in the sexual assault case to prevent her from testifying against him. The facts regarding the petitioner's underlying conviction of attempted murder, as set forth in our opinion in the direct appeal from those convictions, are as follows: "Following the [petitioner's] arrest [in the sexual assault case], he was incarcerated at the Cheshire Correctional Institute, where he shared a cell with Thomas Marra from May 13 until July 30, 2002. In August, 2002, Marra contacted George Nobile, an inspector with the division of criminal justice, informing Nobile that he had a cell mate who wanted to have a witness killed. Nobile and a supervisor, Gregory Dillon, met with Marra on September 4, 2002, and Marra informed them that the [petitioner] wanted to have the victim killed so that she could not testify against him. Marra provided a letter written by the [petitioner] and explained the code words used in the letter. Subsequently, Marra also provided Nobile and Dillon with further correspondence from and to the [petitioner] concerning the [petitioner's] desire to have the victim killed.

"On October 9, 2002, Marra telephoned the [petitioner] and told him he could put the [petitioner] in contact with an assassin. Nobile then assumed the undercover role of the assassin and contacted the [petitioner] on October 14 and 18, 2002. Nobile set up a meeting with the [petitioner] for the morning of October 21, 2002, but the [petitioner] did not appear for that meeting.

"The [petitioner] was arrested on October 25, 2002, and was held at the Bridgeport Correctional Center, where he shared a cell with Andre Holeman. The [petitioner] told Holeman that he was facing sexual assault charges and that he had wanted the victim killed so that she could not testify against him. He also told Holeman about Marra and his arranging a meeting with an assassin. He further explained to Holeman that he was supposed to pay the assassin $7500 to kill the victim but that he did not have the funds and, therefore, was considering killing the victim himself. The [petitioner] also asked Holeman to telephone the [petitioner's] attorney to report that the [petitioner] had been set up

by Marra. In an amended long form information, the [petitioner] was charged with attempt to commit murder, inciting injury to another person and intimidating a witness (attempted murder case)." *State* v. *Santaniello*, 96 Conn. App. 646, 650–51, 902 A.2d 1, cert. denied, 280 Conn. 920, 908 A.2d 545 (2006).

The cases were consolidated, and, following a trial, the jury found the petitioner guilty of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1), kidnapping in the first degree in violation of General Statutes § 53a-92 (a) (2) (A), attempt to commit murder in violation of General Statutes §§ 53a-49 (a) (2) and 53a-54a, inciting injury to another person in violation of General Statutes § 53a-179a (a), and intimidating a witness in violation of General Statutes § 53a-151a (a) (1). The trial court imposed a total effective sentence of forty-two years incarceration. This court affirmed his convictions on direct appeal. Id., 649.

The petitioner filed a petition for a writ of habeas corpus, which he later amended through counsel. The amended petition alleged, inter alia, that his appellate counsel provided ineffective assistance because he failed to raise on direct appeal a claim of insufficient evidence with respect to the attempted murder conviction. After a hearing, the habeas court concluded that the petitioner had failed to meet his burden of establishing deficient performance of appellate counsel and, accordingly, denied the petition for a writ of habeas corpus. In its memorandum of decision, the court noted that the petitioner had failed to produce any testimony from his appellate counsel or an expert in support of his claim. The court granted the petitioner certification to appeal. This appeal followed.

"Our review of the judgment of the habeas court is carefully circumscribed. The underlying historical facts found by the habeas court may not be disturbed unless the findings were clearly erroneous. . . . Whether the representation a [petitioner] received . . . was constitutionally inadequate is a mixed question of law and fact. . . . As such, that question requires plenary review by this court unfettered by the clearly erroneous standard." (Internal quotation marks omitted.) *Vivo* v. *Commissioner of Correction*, 90 Conn. App. 167, 173, 876 A.2d 1216, cert. denied, 275 Conn. 925, 883 A.2d 1253 (2005).

"To succeed on a claim of ineffective assistance of counsel, a habeas petitioner must satisfy the two-pronged test articulated in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Strickland* requires that a petitioner satisfy both a performance prong and a prejudice prong." (Internal quotation marks omitted.) *Small* v. *Commissioner of Correction*, 286 Conn. 707, 712–13, 946 A.2d 1203, cert. denied sub nom. *Small* v. *Lantz*, 555 U.S. 975, 129 S. Ct. 481, 172 L. Ed. 2d 336 (2008). In order to satisfy

the performance prong, the petitioner must show that "appellate counsel's representation fell below an objective standard of reasonableness considering all of the circumstances." (Internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, 131 Conn. App. 805, 808, 29 A.3d 166 (2011). In order to satisfy the prejudice prong, the petitioner must demonstrate that "there is a reasonable probability that, but for appellate counsel's failure to raise the issue on appeal, the petitioner would have prevailed in his direct appeal, i.e., reversal of his conviction or granting of a new trial. . . . [T]o determine whether a habeas petitioner had a reasonable probability of prevailing on appeal, a reviewing court necessarily analyzes the merits of the underlying claimed error in accordance with the appropriate appellate standard for measuring harm." *Small* v. *Commissioner of Correction*, supra, 722.

The petitioner argues that his appellate counsel provided ineffective assistance by bringing four relatively weak claims on direct appeal and failing to raise a relatively stronger claim that there was insufficient evidence to support the petitioner's conviction of attempted murder. The respondent, the Commissioner of Correction, argues that the court properly denied the petitioner's claim of ineffective assistance of appellate counsel because (1) the petitioner failed to present the testimony of his appellate counsel at the habeas trial; (2) the petitioner failed to offer into evidence in the habeas trial the entire evidentiary record from the trial on his underlying convictions; and (3) on the merits, there was sufficient evidence supporting the petitioner's conviction of attempted murder; thus, his ineffective assistance of counsel claim would have failed in any event. We conclude that the habeas court did not have an adequate record on which to address the petitioner's claim of ineffective assistance of appellate counsel.

The petitioner did not present, as exhibits in the habeas trial, the full record of the criminal trial. Evidence admitted in the underlying criminal case such as letters from the petitioner to Marra, a letter from Marra to the petitioner, and an address book seized from the petitioner's house were not offered as exhibits at the habeas trial.[2] To consider properly a claim that appellate counsel provided ineffective assistance by failing to raise a sufficiency of the evidence claim on direct appeal, the habeas court must, in order to evaluate the performance and prejudice prongs, assess the strength of the potential sufficiency claim and examine *all* the evidence and reasonable inferences drawn therefrom. See *State* v. *O'Neil*, 65 Conn. App. 145, 152, 782 A.2d 209 (2001) (setting out standard of review for sufficiency claim), aff'd, 262 Conn. 295, 811 A.2d 1288 (2003); see also *State* v. *Allan*, 311 Conn. 1, 25, 83 A.3d 326 (2014); *State* v. *Robert H.*, 273 Conn. 56, 81, 866 A.2d 1255 (2005).

As a logical proposition, it is impossible for a habeas court to determine that there was a strong claim of insufficient evidence without having been provided *all* of the arguably relevant evidence on the issue in question. If omissions exist, a court[3] necessarily must speculate as to what is missing, and whether it matters. This is not to suggest that, in all such cases, all of the evidence submitted in the entire trial must be presented. The evidence regarding a particular count may constitute only a small portion of the trial. But if one party contends on review that evidence relevant to a sufficiency issue was not presented to the habeas court and that contention is not contradicted, and it is not entirely clear that there was sufficient evidence to support the underlying conviction, based on a review of the evidence that was presented, the habeas court does not have a sufficient record[4] on which to decide the claim of ineffective assistance of appellate counsel. As urged by the respondent, we conclude, on alternate grounds, that the habeas court properly denied the petitioner's claim of ineffective assistance of appellate counsel. Because it did not have before it a sufficient record on which to evaluate the merits of the claim,[5] the habeas court could not properly have addressed that claim.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] In accordance with our policy of protecting the privacy interests of the victims of sexual abuse, we decline to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

[2] The respondent asserted in his brief that these items of relevant evidence were entered into evidence as exhibits at the criminal trial but not at the habeas trial. The record in the habeas case confirms that none of these items were admitted into evidence at the habeas trial. The petitioner agrees that some of the evidence presented at the criminal trial was not before the habeas court.

[3] The authority cited in this opinion regarding the necessity for inclusion of all the relevant evidence has been derived from cases on direct appeal rather than from those seeking collateral relief. When a habeas court is considering whether a sufficiency claim ought to have been raised, the necessity of presenting a complete record is especially compelling.

[4] We note that this issue was presented to us in the briefing process. Cf. *Blumberg Associates Worldwide, Inc.* v. *Brown & Brown of Connecticut, Inc.*, 311 Conn. 123, 84 A.3d 840 (2014).

[5] We need not decide whether testimony by the appellate counsel or an expert was required in the circumstances of this case.