[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S PETITION AND MOTION FORCONTEMPT
The issue in this case is whether a motion for contempt to CT Page 2763 enforce the terms of a prior stipulated judgment may be used to challenge an assessor's determination that property, which was declared to be exempt from taxation in the prior judgment, is no longer exempt.
The plaintiff, in its petition and motion for contempt, recites the following facts. In December, 1988, the court entered a final judgment in this tax appeals based upon the stipulation of the parties. The judgment file dated December 28, 1988, stated that the infirmary on the plaintiffs property owned and operated by a religious corporation and used exclusively as such was exempt from taxation in accordance with General Statutes §§ 12-81
(14) and § 12-88. The plaintiff further recites that it is a religious corporation and that the use and ownership of the property has not changed since the December, 1988 judgment. The plaintiff further recites that in February, 1999, the assessor for the Town of Cromwell determined that the infirmary was no longer exempt from taxation. On March 9, 1999, the plaintiff filed an appeal to the Cromwell Board of Assessment Appeals ("Board"). The Board denied the plaintiff's appeal. The plaintiff now seeks to punish the Town of Cromwell for violating the 1988 judgment, in which the infirmary was declared to be exempt from taxation. In its motion for contempt, the plaintiff seeks to have this court punish the town for contempt by barring the town from collecting property taxes levied on the infirmary and by levying costs and attorneys' fees against the town as appropriate sanctions.
The town claims that a motion for contempt to enforce the stipulated judgment is inappropriate. The town contends that a tax appeal pursuant to General Statutes § 12-117a and/or § 12-119 is the appropriate way to challenge the imposition of the tax.
"Civil contempt is conduct directed against the rights of the opposing party." Bunche v. Bunche, 36 Conn. App. 322, 324,650 A.2d 917 (1994). "The contempt remedy is particularly harsh . . . and may be founded solely upon some clear and express direction of the court." Ford v. Ford, 52 Conn. App. 522, 529, 727 A.2d 254
(1999). The contempt, in and of itself, must be wilful conduct upon the part of the offending party. Id.
Here, the plaintiff is seeking sanctions as a means of coercing the town's compliance and compensating the plaintiff for its expenditure of costs and attorneys' fees. See DeMartino v. MonroeCT Page 2764Little League, Inc., 192 Conn. 271, 278-79, 471 A.2d 638 (1984). Civil contempt implies that the offender is guilty of a contumacious act or conduct. Id., 279. In order to find the town in contempt, we would first have to rule that the town had disobeyed an order of the court. Castro v. Castro,31 Conn. App. 761, 764, 627 A.2d 452 (1993). However, under the plain wording of the stipulation for judgment signed by the parties, there was no violation of an order of the court that we could view as contumacious. The parties agreed among themselves that the values listed in the stipulation shall be the fair market value and assessed value for the plaintiffs property as of October 1, 1988 "and thereafter until the next decennial valuation." (Stipulation for Judgment dated December 16, 1988, p. 2, Defendant's Exhibit E, attached to Defendant's Brief.)
The plaintiff submitted an offer of proof listing the evidence it would introduce in an evidentiary hearing on the contempt motion. The substance of this evidence is the same as the evidence a plaintiff would introduce in a tax appeal challenging the wrongful assessment of property that a plaintiff claims is exempt. The evidence the plaintiff seeks to introduce is not evidence of the willful violation of a court order, but evidence of whether the property at issue remains exempt from taxation. The plaintiffs claim that the assessor should not have determined that the property was no longer exempt, without some change in circumstances, raises a factual issue which is not pertinent to this motion for contempt. The plaintiff has provided the court with no authority for its claim that the town is in contempt for reexamining the exemption issue when the stipulation for judgment provides that the values listed shall be as stipulated until the next decennial valuation.
General Statutes § 12-81 provides exemptions from property taxation of specific well-defined property. The parties to the December 1988 stipulated judgment agreed that the infirmary would be exempt under § 12-81 (14) and § 12-88. Section 12-88
contains circumstances under which exempt property may lose its exemption, such as the property no longer being used for the purpose of the original exemption. Section. 12-89 places the burden upon the assessor in each town to inspect statements "filed with it and required by §§ 12-81 and 12-87 from . . . charitable . . . organizations, [and to] determine what part, if any, of the property claimed to be exempt by the organization shall be in fact exempt." Section 12-89 provides that the remedy for any organization filing a tax exempt statement aggrieved by CT Page 2765 the assessor's action, is to appeal to the board of assessment appeals and then to the court. In the statutory scheme of property taxes, the assessor has a watchtower role to administer the tax laws in a fair and equal manner for all taxpayers and to correct inequalities or non-compliance with our taxing statutes. See 84 Century Ltd. Partnership v. Board of Tax Review,207 Conn. 250, 262, 541 A.2d 478 (1988).
Where the assessor challenges the exemption claimed by a taxpayer, the burden is upon the taxpayer to prove that it is entitled to the exemption from the obligation to pay taxes since tax exemptions are a matter of legislative grace "that must be strictly construed against the taxpayer." Common Fund v.Fairfield, 228 Conn. 375, 379, 636 A.2d 795 (1994).
In considering the duties of the assessor, we are mindful that § 12-62 requires an assessor to do a periodic revaluation of all real estate within the assessor's jurisdiction. In 1988, when the stipulation for judgment was entered into, § 12-62
required assessors to revalue the real estate no less than every ten years.
Under the plaintiffs theory, the exemption agreed to by the parties in the form of a stipulated judgment would require the assessor to continue the exemption forever and forego its statutory duty to monitor all exemptions as required by §12-89.
As we have noted above, the provisions of the stipulation of the parties in 1988 contemplated that the assessor would review the valuations and exemptions at the next decennial valuation. That is what the assessor has done here. No amount of evidence that the plaintiff could produce at an evidentiary hearing would change the words of the stipulation for judgment. The plaintiffs remedy is to challenge the assessor's determination by appealing to the Board and then to the Superior Court pursuant to General Statutes § 12-89, or to challenge the assessor's action under General Statutes § 12-119. See Loomis Institute v. Windsor,234 Conn. 169, 171, 661 A.2d 1001 (1995); Faith Center v.Hartford, 192 Conn. 434, 437, 472 A.2d 16, cert. denied,469 U.S. 1018, 105 S.Ct. 432, 83 L.Ed.2d 359 (1984); Wadsworth Atheneum v.Hartford, Superior Court, Judicial District of Hartford, Docket No. CV 94 0538328 (October 25, 1995). The plaintiff in this case has already done this. See Covenant Home v. Cromwell, Docket No. CV 99 0497565 (two count complaint alleging causes of action CT Page 2766 under General Statutes §§ 12-119 and 12-117a.)
For all of the foregoing reasons, we find no basis to support the filing of a petition and motion for contempt. Accordingly, the plaintiffs petition and motion for contempt is denied.
Arnold W. Aronson Judge Trial Referee