EDWARD B.* v. COMMISSIONER OF CORRECTION
(AC 32770)

Gruendel, Lavine and Robinson, Js.

---

* In accordance with our policy of protecting the privacy interests of the victims of sexual assault and the crime of risk of injury to a child, we decline to use the petitioner's full name or to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

Argued October 26, 2012—officially released January 15, 2013

*Sean P. Barrett*, special public defender, for the appellant (petitioner).

*Kathryn W. Bare*, assistant state's attorney, with whom, on the brief, were *Kevin D. Lawlor*, state's attorney, *Jo Anne Sulik*, supervisory assistant state's attorney, and *Brenda Hans*, assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Edward B., appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court improperly concluded that (1) his appellate counsel's performance was not deficient because it did not fall below the standard of ordinary competence and (2) he did not suffer prejudice due to his appellate counsel's performance. We affirm the judgment of the habeas court.

The following facts and procedural history are relevant to this appeal. A jury found the defendant guilty of two counts of sexual assault in the first degree in violation of General Statutes (Rev. to 1997) § 53a-70 (a) (2) and two counts of risk of injury to a child in violation of General Statutes (Rev. to 1997) § 53-21 (2). This court upheld the petitioner's conviction on appeal. *State* v. *Edward B.*, 72 Conn. App. 282, 284, 806 A.2d 64, cert. denied, 262 Conn. 910, 810 A.2d 276 (2002). On February 19, 2010, the petitioner filed a fourth amended petition for a writ of habeas corpus, alleging ineffective assistance of appellate counsel, among other things. By memorandum of decision issued on September 2, 2010, the habeas court denied the amended petition for a writ of habeas corpus and subsequently granted the petitioner's petition for certification to appeal.

We review the relevant legal standards. "For claims of ineffective assistance of appellate counsel, we must assess whether there is a reasonable probability that, but for appellate counsel's failure . . . the petitioner would have prevailed in his direct appeal, i.e., reversal of his conviction or granting of a new trial. . . . [T]o determine whether a habeas petitioner had a reasonable probability of prevailing on appeal, a reviewing court necessarily analyzes the merits of the underlying claimed error in accordance with the appropriate appellate standard for measuring harm." (Internal quotation marks omitted.) *Moody* v. *Commissioner of Correction*, 127 Conn. App. 293, 301, 14 A.3d 408, cert. denied, 300 Conn. 943, 17 A.3d 478 (2011). "[A] reviewing court evaluates a trial error of constitutional magnitude under the harmless error standard . . . . [A] reviewing court must determine whether the state has proved that the unconstitutional error was harmless beyond a reasonable doubt." (Citations omitted.) *Small* v. *Commissioner of Correction*, 286 Conn. 707, 723, 946 A.2d 1203,

cert. denied sub nom. *Small* v. *Lantz*, 555 U.S. 975, 129 S. Ct. 481, 172 L. Ed. 2d 336 (2008).

The petitioner argues that his appellate counsel failed to brief adequately a claim that he "was not afforded the opportunity to cross-examine an available witness in violation of both his [f]ederal and [s]tate [c]onstitutional rights." That witness was Florence Freudenthal, a social worker who did not testify. The victim had told Freudenthal that the petitioner penetrated her as part of the sexual abuse and Freudenthal relayed the victim's statement to John Leventhal. Leventhal is a physician who treated the victim with the assistance of Freudenthal, and he testified twice about the social worker's statements to him.[1] The petitioner claims that the trial court improperly admitted Leventhal's testimony into evidence and that there is a reasonable probability that this court would have overturned his conviction due to insufficient evidence of sexual intercourse by penetration had his appellate counsel adequately briefed that claim. See General Statutes (Rev. to 1997) §§ 53a-65 (2) and 53a-70 (a) (2).

We assume without deciding that the testimony violated the petitioner's constitutional rights, and that his claim on direct appeal had merit. Nevertheless, the petitioner cannot prevail because admitting the subject testimony was harmless beyond a reasonable doubt. See *Small* v. *Commissioner of Correction*, supra, 286 Conn. 723. After our review of the record, we agree with the

---

[1] At the petitioner's criminal trial, the following testimony was elicited on direct examination:

"[The Prosecutor]: I believe [the victim] in her initial interview had responded to social worker [Florence] Freudenthal that there was penetration?

"[Leventhal]: She had indicated that.

\* \* \*

"[Leventhal]: So if penetration had occurred, and she said it had, we believe that something occurred up to the hymen . . . ."

habeas court's conclusion that "[t]o be blunt, the evidence against the petitioner . . . was overwhelming and compelling." Although the subject testimony goes to the statutory element of sexual intercourse, the state presented *copious* evidence that the petitioner penetrated the victim. This court discussed the abundant evidence of penetration when it rejected the petitioner's insufficient evidence claim on direct appeal. See *State* v. *Edward B.*, supra, 72 Conn. App. 292–98. This court did not rely on the subject testimony in affirming the petitioner's conviction. Id. There is no reasonable probability that the petitioner would have prevailed on his direct appeal but for the alleged professional errors of counsel. See *Small* v. *Commissioner of Correction,* supra, 723. Accordingly, the petitioner's claim fails.

The judgment is affirmed.