CITY OF BRIDGEPORT *v.* WHITE EAGLE'S
SOCIETY OF BROTHERLY
HELP, INC., ET AL.
(AC 33977)

Lavine, Robinson and Pellegrino, Js.

Argued November 27, 2012—officially released February 12, 2013

*John T. Bochanis*, for the appellant (named defendant).

*Walter M. Spader, Jr.*, for the appellee (plaintiff).

*Opinion*

ROBINSON, J. The defendant White Eagle's Society of Brotherly Help, Inc.,[1] appeals from the summary judgment rendered by the trial court on its counterclaim brought against the plaintiff, the city of Bridgeport, to enforce a stipulated judgment rendered in a prior action. The defendant claims that the court improperly

---

[1] The complaint in this matter, which sought to foreclose on municipal tax liens, was withdrawn prior to judgment on the counterclaim. The complaint named Aquarion Water Company of Connecticut, the water pollution control authority for the city of Bridgeport, Yousseff Makhraz and the Polish National Alliance of the United States of North America as additional party defendants by virtue of interests that each held in the subject properties that were subsequent in right to the tax liens being foreclosed. Those defendants were not parties to the counterclaim that is the subject matter of this appeal. Hereafter, all references in this opinion to the defendant are to White Eagle's Society of Brotherly Help, Inc.

determined that there were no genuine issues of material fact and granted the plaintiff's motion for summary judgment as a matter of law on the ground that the counterclaim was barred because the defendant had failed to avail itself of statutory remedies available pursuant to General Statutes §§ 12-111 or 12-119.[2] We affirm the judgment of the trial court.

The record reveals the following undisputed facts and procedural history. The defendant is the record owner of several parcels of real property located in Bridgeport, including two parcels described as 595 East Washington Avenue and 617-621 East Washington Avenue (subject properties).[3] In 2002, the parties entered into a stipulated judgment, in which they agreed to settle an action arising from the defendant's failure to pay property taxes for various real estate holdings, including the subject properties, for the years 1996 through 2000. The stipulated judgment provided that the defendant was entitled to a 40 percent tax exemption for

___

[2] General Statutes § 12-111 (a) provides in relevant part: "Any person . . . claiming to be aggrieved by the doings of the assessors of such town may appeal therefrom to the board of assessment appeals. . . . Such board may equalize and adjust the grand list of such town and may increase or decrease the assessment of any taxable property or interest therein . . . ."

General Statutes § 12-119 provides in relevant part: "When it is claimed that a tax has been laid on property not taxable in the town or city in whose tax list such property was set, or that a tax laid on property was computed on an assessment which, under all the circumstances, was manifestly excessive and could not have been arrived at except by disregarding the provisions of the statutes for determining the valuation of such property, the owner thereof . . . may, in addition to the other remedies provided by law, make application for relief to the superior court for the judicial district in which such town or city is situated. . . . In all such actions, the Superior Court shall have power to grant such relief upon such terms and in such manner and form as to justice and equity appertains, and costs may be taxed at the discretion of the court. If such assessment is reduced by said court, the applicant shall be reimbursed by the town or city for any overpayment of taxes in accordance with the judgment of said court."

[3] In its brief, the defendant describes itself as "a Polish organization which promotes Polish culture, education and fellowship of individuals of Polish descent."

the years at issue in the action,[4] thereby reducing the amount of back taxes it owed to the plaintiff. The judgment further provided that the defendant would pay its back taxes in quarterly installments over a period of five years. Finally, the judgment provided that the 40 percent exemption would "remain in place so long as the same use of the property is maintained . . . ."

In February, 2007, the plaintiff commenced this action to foreclose on new tax liens resulting from the defendant's alleged nonpayment of property taxes for the subject properties as assessed on the October 1, 2004 grand list. The defendant filed an answer and special defenses, in which it alleged that it had paid all applicable taxes in accordance with the terms of the 2002 stipulated judgment and that the plaintiff was not taxing the defendant's properties in accordance with that judgment.

On March 31, 2009, the defendant filed a counterclaim in the foreclosure action, which restated its allegations that the plaintiff "has failed to comply with the [2002] stipulated judgment and ha[s] proceeded to file tax liens on the . . . [defendant's] properties and ha[s] failed to properly apply the agreed upon tax exemption." By way of relief, the counterclaim sought an order requiring the plaintiff to comply with the terms of the stipulated judgment. See *Bank of Boston Connecticut* v. *DeGroff*, 31 Conn. App. 253, 256, 624 A.2d 904 (1993) (court has power to issue orders necessary to protect integrity of stipulated judgment). The plaintiff filed an answer

---

[4] The statutory basis of the exemption provided for in the stipulated agreement is not apparent from the record; see General Statutes § 12-81 (setting forth exemptions from property taxation); see also *Plastic Tooling Aids Laboratory, Inc.* v. *Commissioner of Revenue Services*, 213 Conn. 365, 369, 567 A.2d 1218 (1990) (tax exemptions are "matter of legislative grace"); however, our resolution of this appeal does not require identification of the exact exemption at issue.

denying the allegations that it had failed to act in accordance with the stipulated judgment; the plaintiff raised no special defenses to the counterclaim.

According to the plaintiff, in December, 2009, the defendant paid its outstanding 2004 tax obligation. As a result, on January 26, 2010, the plaintiff withdrew its foreclosure complaint. The counterclaim, nevertheless, remained on the docket. See Practice Book § 10-55 (counterclaim survives withdrawal of underlying complaint); *98 Lords Highway, LLC* v. *One Hundred Lords Highway, LLC*, 138 Conn. App. 776, 790, 54 A.3d 232 (2012) (same).

On June 1, 2011, the plaintiff filed a motion for summary judgment as to the counterclaim, arguing that the counterclaim was barred as a matter of law because the defendant should have sought relief in a tax appeal pursuant to §§ 12-111 or 12-119. On October 6, 2011, the defendant filed an opposition to the motion for summary judgment, arguing that because it was seeking the enforcement of a stipulated judgment rather than directly challenging a tax assessment or the imposition of an illegal tax, its counterclaim was properly before the court. The court issued orders on October 12, 2011, granting the motion for summary judgment and overruling the objection.[5] This appeal followed.

"Our standard of review is well established. Practice Book § 17-49 provides that summary judgment shall be

[5] The trial court issued postcard decisions in this matter rather than a detailed memorandum of decision setting forth the factual and legal basis for its decision. Although the court's order stated that summary judgment was granted "as to liability only"; see *Broadnax* v. *New Haven*, 294 Conn. 280, 297, 984 A.2d 658 (2009) (judgment rendered only upon issue of liability ordinarily not final judgment for purposes of appeal); the ruling nevertheless effectively disposed of the defendant's counterclaim without the need for any additional proceedings, such as a hearing in damages; accordingly, the court's decision was an appealable final judgment. See *Evans* v. *General Motors Corp.*, 277 Conn. 496, 507–508, 893 A.2d 371 (2006) (proper to look beyond wording to effect of decision in deciding existence of appealable final judgment).

rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law. . . . On appeal, we must determine whether the legal conclusions reached by the trial court are legally and logically correct and whether they find support in the facts set out in the memorandum of decision of the trial court. . . . Our review of the trial court's decision to grant [a] . . . motion for summary judgment is plenary. . . .

"An appellate court's review of a trial court decision is circumscribed by the appropriate standard of review. . . . When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *J.P. Alexandre, LLC* v. *Egbuna*, 137 Conn. App. 340, 346–47, 49 A.3d 222, cert. denied, 307 Conn. 913, 53 A.3d 1000 (2012).

The defendant's sole claim on appeal is that the court erred in rendering summary judgment on the ground that adjudication of the counterclaim was barred as a matter of law because the defendant should have raised its issues in a statutory action brought pursuant to §§ 12-111 or 12-119. The defendant argues that the plaintiff failed to raise that ground as a special defense and, therefore, the court should not have considered the argument. The defendant also argues that because the counterclaim did not directly challenge a tax assessment or the imposition of an illegal tax, but rather

sought to enforce the parties' 2002 stipulated judgment, the case law relied on by the plaintiff in its motion for summary judgment and by the trial court was inapplicable. We decline to address the first argument because it was never raised to the trial court and are not persuaded by the second argument.

The defendant first argues that summary judgment was inappropriate because the plaintiff failed to raise by way of a special defense its theory that the counterclaim should be barred on the basis of the availability of other statutory remedies. The defendant, however, never raised its special defense argument in its opposition to the motion for summary judgment or at oral argument on the motion for summary judgment. We will not consider on appeal an argument that was never raised to or considered by the trial court. See *Pelletier* v. *Sordoni/ Skanska Construction Co.*, 264 Conn. 509, 534, 825 A.2d 72 (2003) (declining to consider argument in opposition to summary judgment raised for first time on appeal).

We next turn to the defendant's argument that its failure to pursue a statutory remedy pursuant to §§ 12-111 or 12-119 should not have precluded adjudication of the claims raised in its counterclaim because the counterclaim did not directly challenge a tax assessment or the imposition of an illegal tax, but only sought enforcement of the parties' 2002 stipulated judgment. "Our Supreme Court has repeatedly insisted that a taxpayer wishing to contest the legality of its tax assessments must follow prescribed statutory procedures. . . . Where the General Assembly has established complete, adequate and speedy statutory remedies for alleged tax irregularities, a taxpayer must exhaust them. . . . A taxpayer who has not sought redress in an appropriate manner is foreclosed from continuing litigation outside these statutes. . . . By failing to contest the assessments of the parcel properly, the defendant has effectively waived his right to challenge them. . . .

Indeed, direct judicial adjudication is not warranted when the relief sought by a litigant may have been obtained through an alternative statutory procedure which the litigant has chosen to ignore." (Citations omitted; internal quotation marks omitted.) *Farmington* v. *Dowling*, 26 Conn. App. 545, 549–50, 602 A.2d 1047 (1992), appeal dismissed, 224 Conn. 592, 619 A.2d 852 (1993).

In the present case, the central allegation of the counterclaim was that the defendant had not received the 40 percent tax exemption that it believed it remained entitled to pursuant to the terms of the 2002 stipulated judgment and that the plaintiff was failing to abide by the terms of that judgment. A tax appeal pursuant to § 12-111 is the proper vehicle for an aggrieved taxpayer to challenge "the doings of the assessors . . . ." General Statutes § 12-111 (a). One of the duties of a city's board of assessors is to monitor the tax assessor's handling of applicable tax exemptions. See *Covenant Home, Inc.* v. *Cromwell*, 47 Conn. Sup. 60, 63–64, 777 A.2d 216 (2000), aff'd and adopted, 63 Conn. App. 337, 775 A.2d 1003 (2001). Accordingly, if the defendant believed that the assessor erred in determining that the same use of the property was no longer maintained as stated in the stipulation and the assessment therefore did not properly reflect an applicable tax exemption, the defendant was aggrieved by the doings of an assessor and could have sought to correct the alleged error by filing a § 12-111 tax appeal. Additionally, whenever a city levies a tax on property that is subject to a tax exemption, that is an illegal exaction that is amenable to redress in an action brought pursuant to § 12-119. See *Faith Center, Inc.* v. *Hartford*, 192 Conn. 434, 437, 472 A.2d 16, cert. denied, 469 U.S. 1018, 105 S. Ct. 432, 83 L. Ed. 2d 359 (1984). Thus, the defendant also could have sought to enforce its right to an exemption under the stipulated judgment in a § 12-119 action. In sum, we

agree with the court's order overruling the defendant's objection to the motion for summary judgment, in which the court found that the issues the defendant sought to adjudicate by counterclaim could have been addressed earlier by following appropriate statutory procedures, "either by (1) timely appealing from the assessments to the city's board of assessment appeals pursuant to General Statutes §§ 12-111 and 12-112, and from there by timely appealing to the trial court pursuant to General Statutes § 12-117a, or (2) timely bringing a direct action pursuant to General Statutes § 12-119." *Danbury* v. *Dana Investment Corp.*, 249 Conn. 1, 12–14, 730 A.2d 1128 (1999).

Although the defendant argues that there remains a factual dispute as to whether it has maintained "the same use of the property" so as to warrant a continuation of the 40 percent tax exemption as provided for in the 2002 stipulated agreement, that disputed fact was not material to the court's summary judgment determination. That factual issue and whether the plaintiff had a continuing obligation to abide by the terms of the stipulated judgment are exactly what should have been submitted to the administrative tax appeal process, and the defendant's failure to seek such redress foreclosed it from seeking untimely adjudication by way of its counterclaim. The trial court's conclusion that there were no genuine issues of material fact and that the plaintiff was entitled to summary judgment as a matter of law was legally and logically correct and finds support in the facts that appear in the record.

The judgment is affirmed.

In this opinion the other judges concurred.