ANTHONY W. ROGERS *v.* COMMISSIONER
OF CORRECTION
(AC 34296)

DiPentima, C. J., and Beach and Bear, Js.

Argued January 22—officially released June 11, 2013

*John R. Williams*, for the appellant (petitioner).

*James M. Ralls*, senior assistant state's attorney, with whom, on the brief, were *David I. Cohen*, state's attorney, and *Tamara Grosso*, deputy assistant state's attorney, for the appellee (respondent).

*Opinion*

BEAR, J. The petitioner, Anthony W. Rogers, appeals from the judgment of the habeas court denying his motion for summary judgment on the ground of the alleged ineffective assistance of his appellate counsel and granting in part the cross motion for summary judgment filed by the respondent, the commissioner of correction, on the ground of lack of prejudice.[1] On appeal, the petitioner claims that the habeas court erred in holding that even if his appellate counsel adequately had briefed the issue of the alleged improper joinder of two of his pending cases on direct appeal of his

[1] The habeas court granted the petitioner's petition for certification to appeal from the habeas court's judgment on his petition for a writ of habeas corpus.

criminal convictions this court would have affirmed his convictions. We affirm the judgment of the habeas court.

The following facts and procedural history are relevant to the resolution of this appeal. In a pretrial motion, the state sought to join three informations against the petitioner in his criminal trial. *State* v. *Rogers*, 123 Conn. App. 848, 856, 3 A.3d 194, cert. denied, 299 Conn. 906, 10 A.3d 524 (2010). The first information charged the petitioner with murder, conspiracy to commit murder and attempt to commit murder; the second information charged the petitioner with attempt to commit assault in the first degree and carrying a pistol without a permit; and the third information charged the petitioner with possession of narcotics with intent to sell. The trial court granted the state's motion for joinder with respect to the first and second informations. Id. After a jury trial, the petitioner was convicted of murder, conspiracy to commit murder, attempt to commit assault in the first degree and carrying a pistol without a permit. The trial court sentenced the petitioner to a total effective sentence of seventy-one years of incarceration. Id., 850 n.2. The petitioner appealed to this court, which declined to review the petitioner's joinder challenge on the ground of inadequate briefing and affirmed the judgments of conviction. Id., 860, 862.

On January 24, 2011, the petitioner filed a petition for a writ of habeas corpus in which he alleged the ineffective assistance of his appellate counsel on the ground that his counsel failed to brief adequately his claims regarding joinder, severance and uncharged misconduct.[2] On May 24, 2011, the petitioner filed his first

---

[2] We note that the petitioner's present counsel also served as his trial counsel, his appellate counsel for the direct appeal of his criminal conviction and his habeas counsel. More importantly, the petitioner's counsel is the same counsel that the petitioner alleged provided ineffective assistance in the direct appeal of his criminal convictions. The respondent filed with the habeas court a motion to disqualify the petitioner's habeas counsel, which the court granted in part and denied in part. In its March 24, 2011 decision,

motion for summary judgment. The respondent objected to that motion and filed its own cross motion for summary judgment. The court denied both motions, without prejudice, in order for the parties to close the pleadings as required by Practice Book § 23-37. The parties then closed the pleadings and filed the same motions for summary judgment. On January 12, 2012, the court issued its memorandum of decision in which it denied the petitioner's motion for summary judgment, granted the respondent's cross motion for summary judgment only as to the petitioner's claim regarding joinder, and dismissed the petitioner's claim regarding severance. Thereafter, the court denied the petitioner's petition for a writ of habeas corpus. On February 1, 2012, the court granted the petitioner's petition for certification to appeal. This appeal followed.[3]

On appeal, the petitioner claims that the habeas court improperly denied his claim that his appellate counsel rendered ineffective assistance when appealing his criminal convictions. The petitioner argues that his appellate counsel's ineffective assistance prejudiced him because this court, on direct appeal of his criminal convictions, would have reversed his convictions had his appellate counsel properly briefed the joinder issue.[4] We disagree.

the court stated that the petition for a writ of habeas corpus possibly could be resolved on summary judgment based "entirely on the existing trial court record without resort to new evidence." The court, however, held that "[f]ailure to submit a timely motion for summary judgment, or a decision by the court to deny the motion for summary judgment (or any cross motion for summary judgment) on the ground that testimony from the petitioner's counsel is required shall result in disqualification of [the petitioner's] present habeas counsel."

[3] For the facts that reasonably could have been found by the jury in the underlying criminal cases, see State v. Rogers, supra, 123 Conn. App. 848.

[4] In his petition for a writ of habeas corpus, the petitioner made two additional claims; however, neither of those claims is before this court on appeal. First, the petitioner claimed that his appellate counsel provided ineffective assistance by failing to brief adequately the issue that the trial court erred in allowing evidence of uncharged conduct. The petitioner did not brief this claim in his motion for summary judgment to the habeas court

"Our standard of review is well established. Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law. . . . On appeal, we must determine whether the legal conclusions reached by the trial court are legally and logically correct and whether they find support in the facts set out in the memorandum of decision of the trial court. . . . Our review of [a habeas] court's decision [on a] . . . motion for summary judgment is plenary." (Internal quotation marks omitted.) *Bridgeport* v. *White Eagle's Society of Brotherly Help, Inc.*, 140 Conn. App. 663, 667–68, 59 A.3d 859 (2013).

"Our Supreme Court has adopted [the] two part analysis [set forth in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)] in reviewing claims of ineffective assistance of appellate counsel. . . . To prevail on a claim of ineffective assistance of counsel, a petitioner must show (1) that counsel's performance was deficient and (2) that the

and the court, therefore, deemed the claim abandoned. On May 4, 2012, the petitioner filed a withdrawal of any claim concerning uncharged misconduct. That claim, therefore, is not before this court on appeal.

Secondly, the petitioner claimed that his appellate counsel rendered ineffective assistance by failing to brief adequately the issue that the trial court erred in denying the petitioner's motion to sever certain charges. The habeas court dismissed that claim. In his appellate brief, the petitioner concedes that case law provides that "a greater showing must be made than was made [by the petitioner] at the criminal trial court level here regarding the nature of [the petitioner's] proposed testimony and his reasons for not wanting to testify in the other matter. . . . Therefore, that issue is not pursued on this appeal." (Citation omitted.)

deficient performance prejudiced the defense. . . . First, deficient performance may be proved by showing that the counsel's representation fell below an objective standard of reasonableness. . . . Second, prejudice to the defense requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." (Citation omitted; internal quotation marks omitted.) *Gray* v. *Commissioner of Correction*, 138 Conn. App. 171, 177, 50 A.3d 406, cert. denied, 307 Conn. 929, 55 A.3d 570 (2012). "[T]he [prejudice] prong considers whether there is a reasonable probability that, but for appellate counsel's failure . . . the petitioner would have prevailed in his direct appeal, i.e., reversal of his conviction or granting of a new trial." (Internal quotation marks omitted.) Id., 177 n.3. "[T]o determine whether a habeas petitioner had a reasonable probability of prevailing on appeal, a reviewing court necessarily analyzes the merits of the underlying claimed error in accordance with the appropriate appellate standard for measuring harm." (Internal quotation marks omitted.) *Edward B.* v. *Commissioner of Correction*, 140 Conn. App. 253, 255, 58 A.3d 370, cert. denied, 308 Conn. 911, 61 A.3d 1099 (2013). "Because the petitioner must satisfy both prongs of the *Strickland* test to prevail on a habeas corpus petition, this court may dispose of the petitioner's claim if he fails to meet either prong." (Internal quotation marks omitted.) *Gray* v. *Commissioner of Correction*, supra, 177.

At the time of the petitioner's criminal convictions, Connecticut courts "recognized a clear presumption in favor of joinder and against severance . . . and, therefore, absent an abuse of discretion . . . [would] not second guess the considered judgment of the court as to the joinder or severance of two or more charges." (Internal quotation marks omitted.) *State* v. *Randolph*, 284 Conn. 328, 338, 933 A.2d 1158 (2007). This presumption in favor of joinder subsequently was rejected by

our Supreme Court in *State* v. *Payne*, 303 Conn. 538, 547, 34 A.3d 370 (2012) ("[w]e therefore will no longer adhere to the blanket presumption in favor of joinder"). The change in Connecticut law regarding the presumption in favor of joinder has no bearing on the present case because the trial court engaged in a thorough analysis in granting the state's motion for joinder independent of the then existing presumption in favor of joinder. Furthermore, although our Supreme Court rejected the presumption in favor of joinder, the court did not alter the remainder of the substantive law that Connecticut courts apply when determining whether joinder is appropriate.

"[W]hen charges are set forth in separate informations, presumably because they are not of the same character, and the state has moved in the trial court to join the multiple informations for trial, the state bears the burden of proving that the defendant will not be substantially prejudiced by joinder pursuant to Practice Book § 41-19. The state may satisfy this burden by proving, by a preponderance of the evidence, either that the evidence in the cases is cross admissible or that the defendant will not be unfairly prejudiced pursuant to the *Boscarino* factors." *State* v. *Payne*, supra, 303 Conn. 549–50. "The decision of whether to order severance of cases joined for trial is within the discretion of the trial court, and the exercise of that discretion [may] not be disturbed unless it has been manifestly abused. . . . It is the defendant's burden on appeal to show that the denial of severance resulted in substantial injustice, and that any resulting prejudice was beyond the curative power of the court's instructions. . . . In [*State* v. *Boscarino*, 204 Conn. 714, 723, 529 A.2d 1260 (1987)], our Supreme Court recognized three factors that must be considered by a trial court in determining whether joinder is appropriate. Those factors are (1) whether the charges involve discrete, easily distinguishable factual

scenarios, (2) whether the crimes were of a violent nature or concerned brutal or shocking conduct on the defendant's part and (3) the duration and complexity of the trial." (Citation omitted; internal quotation marks omitted.) *State* v. *Boscarino*, 86 Conn. App. 447, 460, 861 A.2d 579 (2004). "If any or all of these factors are present, a reviewing court must decide whether the trial court's jury instructions cured any prejudice that might have occurred." (Internal quotation marks omitted.) *State* v. *Barnes*, 127 Conn. App. 24, 40, 15 A.3d 170 (2011), aff'd, 308 Conn. 38, 60 A.3d 256 (2013).

In denying the petitioner's petition for a writ of habeas corpus, the habeas court, after reviewing the trial court's decision to grant the state's motion to join two of the three informations and the standards that this court would have applied, found that it was "not reasonably probable that the petitioner would have prevailed in his direct appeal had the issue been properly briefed." This court, on direct appeal of the petitioner's criminal convictions, set forth the arguments advanced by the petitioner against joinder of the informations for trial. *State* v. *Rogers*, supra, 123 Conn. App. 858–59. In that decision, we noted the petitioner's concession that the first *Boscarino* factor was satisfied, and that the trial court determined that he failed to address adequately the third *Boscarino* factor.[5] Id., 858. We, therefore, need to consider only the second *Boscarino* factor in this habeas appeal.

The second *Boscarino* factor questions "whether the crimes were of a violent nature or concerned brutal or shocking conduct on the defendant's part"; *State* v. *Boscarino*, supra, 86 Conn. App. 460; so as to "compromise the jury's ability to consider fairly the charges

[5] The petitioner's concession and the trial court's determination were made in connection with proceedings on his objection to the state's pretrial motion for joinder in the underlying criminal case.

against him in other unrelated, but jointly tried cases." *State* v. *Boscarino*, supra, 204 Conn. 723.

The essence of the petitioner's challenge to the joinder of the information charging murder, conspiracy to commit murder and attempt to commit murder with the information charging attempt to commit assault in the first degree and carrying a pistol without a permit is that the allegations that are the basis of the murder charge concern brutal or shocking conduct on the petitioner's part that compromised the jury's ability to consider fairly the charges against him in the attempt to commit assault and carrying a pistol without a permit case. The question of whether the murder allegations in the underlying criminal trial concerned brutal or shocking conduct on the petitioner's part was addressed by the trial court, which "reasoned that the allegations surrounding [the] murder do not involve prolonged anguish, gratuitous injuries, prior taunting or any other claims that might inflame the jury's passion. Instead, the murder, while tragic and upsetting, was committed in a relatively clinical fashion. Indeed [our Supreme Court] has held that [w]hile any murder involves violent and upsetting circumstances, it would be unrealistic to assume that any and all such deaths would inevitably be so brutal and shocking that a jury, with proper instructions to treat each killing separately, would necessarily be prejudiced by a joint trial. *State* v. *Herring*, 210 Conn. 78, 97, 554 A.2d 686, cert. denied, 492 U.S. 912, 109 S. Ct. 3230, 106 L. Ed. 2d 579 (1989); see also *State* v. *Hair*, 68 Conn. App. 695, 700–701, 792 A.2d 179, cert. denied, 260 Conn. 925, 797 A.2d 522 (2002)." (Internal quotation marks omitted.) *State* v. *Rogers*, supra, 123 Conn. App. 858. Thus, the trial court concluded that the murder "was not so brutal or shocking under *Boscarino*." (Internal quotation marks omitted.) Id., 859.

The trial court engaged in a thorough analysis of whether the murder concerned brutal or shocking conduct that could compromise the jury's ability to consider fairly the charges against the petitioner of attempt to commit assault and carrying a pistol without a permit, rather than merely relying on the then existing presumption in favor of joinder as the basis for its conclusion that the petitioner did not satisfy the second *Boscarino* factor. The habeas court evaluated the trial court's analysis and the abuse of discretion standard of review employed by this court on direct appeal. The habeas court determined that there was no genuine issue of material fact or question of law relating to whether the petitioner would have prevailed on direct appeal had the joinder issue been properly briefed by his appellate counsel and whether the petitioner suffered prejudice pursuant to *Strickland*. Thus, the habeas court denied the petitioner's petition for a writ of habeas corpus.

The trial court concluded that the petitioner did not satisfy the second *Boscarino* factor because the murder allegations did not concern brutal or shocking conduct that could compromise the jury's ability to consider fairly the charges against the petitioner in the attempt to commit assault case. The trial court provided a thorough analysis, premised on good authority, for its conclusion as to the second *Boscarino* factor. As we have previously set forth: "The decision of whether to order severance of cases joined for trial is within the discretion of the trial court, and the exercise of that discretion [may] not be disturbed unless it has been manifestly abused. . . . It is the defendant's burden on appeal to show that the denial of severance resulted in substantial injustice, and that any resulting prejudice was beyond the curative power of the court's instructions." *State* v. *Boscarino*, supra, 86 Conn. App. 460.

Our review of the record before the habeas court and its application of our well established summary

judgment standard provides us with no basis for reversing the court's denial of the petitioner's motion for summary judgment or its granting in part of the respondent's cross motion for summary judgment. On the basis of the record before us, we conclude that there is no genuine issue of material fact or question of law relating to whether it is reasonably probable that the petitioner would have prevailed in his direct appeal even if the joinder issue had been briefed properly by his appellate counsel. Thus, the petitioner cannot demonstrate that he suffered prejudice under *Strickland*. Accordingly, we affirm the judgment of the habeas court denying the petitioner's motion for summary judgment and granting the respondent's motion for summary judgment on the issue of joinder.

The judgment is affirmed.

In this opinion the other judges concurred.